**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Robert E. Blackburn**

Civil Action No. 13-cv-01576-REB

FRANCISCO DOMINGUEZ,

      Applicant,

v.

LOU ARCHULETA, Warden, F.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL IN PART AND FOR ANSWER

---

**Blackburn, J.**

      Applicant, Francisco Dominguez, a state prisoner in the custody of the Colorado

Department of Corrections, currently is incarcerated at the Fremont Correctional Facility

in Cañon City, Colorado.  Applicant, acting *pro se*, filed an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254, in which he challenges the validity of his

conviction and sentence in the District Court of Rio Blanco County, Colorado, in case

number 1997CR29.

      On June 18, 2013, the Honorable Boyd N. Boland, a United States magistrate

judge for the District of Colorado, directed Respondents to file a Pre-Answer Response

addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and

exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A).  Respondents submitted a Response on July 24, 2013, and Applicant

submitted a Reply to the Response on August 28, 2013.

I must and do construe liberally the Application and Reply filed by Applicant because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I do not "assume the role of advocate for the *pro se* litigant."  *See Hall*, 935 F.2d at 1110.

Applicant pled guilty to murder in the second degree and was sentenced on May 20, 1998, to thirty-six years of incarceration plus five years of mandatory parole. Application, ECF No. 1, at 2; Pre-Answer Resp, ECF No. 9-1, App. A at 6.  On October 12, 1999, the Colorado Court of Appeals (CCA) affirmed Applicant's conviction and sentence, and on March 13, 2000, the Colorado Supreme Court (CSC) denied Applicant's petition for writ of certiorari.  App. A at 6; ECF No. 9-6, App. F.

Applicant raises four claims in this action, including: (1) denial of due process and ineffective assistance of counsel, claiming that his trial counsel coerced him to plead guilty; (2) denial of due process, claiming that the trial court failed to advise him regarding all possible sentences resulting in an unknowing and involuntary plea; (3) denial of due process, claiming that the trial court failed to advise him of the five-year parole resulting in an unknowing and involuntary plea; and (4) denial of due process, claiming that the interpreter did not properly interpret the plea advisement and ineffective assistance of counsel, claiming that trial counsel would not address the allegedly flawed interpretation.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Section 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

court.  The limitation period shall run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Since Applicant did not file a petition for certiorari with the United States Supreme Court, Applicant's conviction became final on June 12, 2000, when the time expired for seeking review in the United States Supreme Court.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); *see also* Sup. Ct. R. 13.1 and 30.1.  Accordingly, for purposes of § 2244(d), time began to run on June 13, 2000, the day after Applicant's conviction and sentence became final.  *See United States v. Hurst*, 322 F.3d 1256, 1260.

I must determine next whether any of Applicant's state postconviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed

state court post-conviction motion tolls the one-year limitation period while the motion is pending. The issue here is whether Applicant's first postconviction motion brought under Rule 35(b) of the Colorado Rules of Criminal Procedure (Crim. P.) was properly filed and tolled the limitation period from June 13, 2000, through June 12, 2001. Respondents contend that when Applicant submitted the Crim. P. 35(b) motion to the state court, he was represented by counsel and thus was prohibited from filing *pro se* pleadings. In the alternative, Respondents argue that, even if the Crim. P. 35(b) motion was properly filed, Applicant abandoned the motion no later than March 31, 2008, and thus from March 31, 2008, until June 2011, no postconviction motion was pending in state court.

In his Reply, Applicant asserts that he was not represented by counsel when he filed the Crim. P. 35(b) motion, because counsel withdrew on the completion of Applicant's direct appeal, which is the standard practice for attorneys in Colorado and consistent with prevailing case law that there is no constitutional right to assistance of counsel on collateral review. Applicant contends further that the state court registry[1] shows that he was not represented by counsel when the Crim. P. 35(b) motion was filed in May 2000, because he filed a motion for appointment of counsel in October 2000,

---

[1] Applicant filed a motion for sanctions claiming that Respondents purposely provided incomplete information to the Court by attaching only a partial state court registry from the state trial court. Applicant attached part of the registry that he claims Respondents failed to provide to the Court. A review of ECF No. 9-1, App. A to the Pre-Answer Response, indicates that the registry Respondents submitted to the Court includes the same entries as Applicant as provided in the copy of the registry he attached to his Reply. Respondents, therefore, have not acted in bad faith. I find, which even Applicant suggests, that possibly Respondents inadvertently failed to provide the complete registry in the copy of the Appendix A that they sent to Applicant. Given that Applicant had a complete copy of the registry, no harm was caused Applicant. The Motion for Sanctions Under Fed. R. Civ. P. 11(c) will be denied.

4

which motion was granted in November 2001 when the trial court finally realized that counsel had not been appointed.  In support of his argument, Applicant asserts that had his Crim. P. 35(b) motion not been considered as properly filed on May 9, 2000, because he was represented by counsel at that time, counsel would have defaulted on the motion for not filing it within the 120-day time limitation and the trial court would not have been able to address the Rule 35(b) motion in its order entered on April 21, 2011, for lack of jurisdiction.

I have reviewed the April 21, 2011, order entered by the Rio Blanco Combined Courts that is attached to Applicant's Reply.  Reply, ECF No. 12, at 8.  Without question the April 21 order addresses the Crim. P. 35(b) motion.  The trial court set forth in the April 21 order a chronological history of Applicant's postconviction filings.  The trial court found that Applicant's counsel filed a timely Rule 35(b) motion and, therefore, addressed the motion on the merits.  *Id.* at 12.  I find that Applicant did not abandon the Crim. P. 35(b) motion, and thus the time from June 13, 2000, the day after Applicant's conviction and sentence became final, until April 29, 2013, when the CSC denied a petition for certiorari review in Applicant's Crim. P. 35(c) postconviction motion, was tolled for the purpose of § 2244(d)(2).  Since Applicant filed this action on June 14, 2013, only forty-six days have run under § 2244(d).  Thus, I conclude that the Application is timely.

Next, I address the issue of exhaustion of state remedies.  Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state

remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. People*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been

defaulted in state court on an independent and adequate state procedural ground.

*Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state

procedural ground is independent if it relies on state law, rather than federal law, as the

basis for the decision . . . .  For the state ground to be adequate, it must be strictly or

regularly followed and applied evenhandedly to all similar claims."  *See Hickman v.*

*Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations

omitted).

The Colorado Rules of Criminal Procedure prohibit successive postconviction

Rule 35 motions with limited exceptions.  *See* Crim. P. 35(c)(3)(VI) and (VII) (explaining

that claims "raised and resolved" or "that could have been presented" in a prior appeal

or post-conviction proceeding will generally be denied); *see also People v. Bastardo*,

646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to

address under a recently contrived constitutional theory issues that were raised

previously).  Crim. P. 35 proceedings prevent injustices afer conviction and sentencing,

but do not provide perpetual review.  *See People v. Rodriguez*, 914 P.2d 230, 249

(Colo. 1996) (citing *People v. Hampton*, 528 P.2d 1311, 1312 (1974)).  Applicant cannot

use a Crim. P. 35(c) proceeding to relitigate matters fully and finally resolved in a

previous appeal.  *Rodriguez*, 914 P.2d at 249 (citations omitted).  Also, if it is obvious

that an unexhausted claim would be procedurally barred in state court, then the claim is

subject to an anticipatory procedural bar, *see Anderson v. Sirmons*, 476 F.3d 1131,

1139 n.7 (10th Cir. 2007), and is procedurally barred from federal habeas review,

*Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this rule of procedural default in the habeas corpus context is based on principles of  comity and concerns of federalism.  *See Coleman*, 501 U.S. at 730.  A federal court may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice if the merits of a claim are not reached.  *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997).  Applicant's *pro se* status does not exempt him from the requirement of demonstrating cause for the default and actual prejudice or failure as a result of the alleged violation of federal law or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for a procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson*, 143 F.3d at 1319.  Applicant,

8

however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

I address each claim individually as follows. Respondents assert that, in Claim One, Applicant is claiming ineffective assistance of counsel because trial counsel allegedly coerced him into pleading guilty. Respondents contend that Claim One is procedurally defaulted because Applicant failed to present this specific ineffective assistance of counsel claim in either *Dominguez I* (direct appeal) or *Dominguez II* (collateral appeal). Respondents contend further that Applicant's statement in *Dominguez I*, that counsel's coercion rendered his guilty plea involuntary under the Fourteenth Amendment does not raise an ineffective assistance of counsel claim and

9

that a substantively invalid guilty plea claim is insufficient to exhaust an ineffective assistance of counsel claim based on the same underlying defect.  Respondents contend also that, although the CCA addressed an ineffective assistance of counsel claim in *Dominguez II*, the claim was different than what he raises now in Claim One and thus could not be found to exhaust Claim One.

Respondents assert further  that Claim One is time barred under §16-5-402, C.R.S. (three-year time limit on postconviction challenges), and Crim. P. 35(c)(3)(VII) (claim is subject to dismissal if could have been raised in prior appeal or postconviction proceeding).   Finally, Respondents contend that Applicant does not allege cause and prejudice or a fundamental miscarriage of justice to excuse the anticipatory default of Claim One and his under claim under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) fails to present a substantial claim and cannot be relied to waive procedural defaults based on an omission during postconviction appeals.

Applicant counters that both his claims for want of due process and ineffective assistance of counsel are exhausted with respect to the coercion issue.  Applicant contends that he clearly raised the issue because he attempted to withdraw his guilty plea based on the coercion.  He contends also that counsel in his collateral proceeding should have raised a separate/independent claim of ineffective assistance and that the failure to do so is a basis to waive any procedural default under *Martinez*.  Nonetheless, Applicant argues that he did raise both a due process and ineffective assistance of counsel claim with respect to the coercion issue.

I have reviewed the opening briefs in Applicant's direct appeal and his Crim. P.

10

35(c) appeal.  In the direct appeal, Applicant challenged the trial court's abuse of discretion in refusing to allow Applicant to withdraw his plea.  Pre-Answer Resp., ECF No. 9-10, App. J.  In support of the claim, Applicant claimed that trial counsel coerced him into accepting the plea.  The CCA addressed Applicant's claim as an abuse of discretion by the trial court in not allowing him to withdraw his guilty plea.  Specifically, however, the CCA found that Applicant "met with counsel on numerous occasions, asked questions regarding both the plea and going to trial, was given advice based on sound professional experience, and was not unduly pressured by time constraints." *Id.*, ECF No. 9-8, App. H at 4.  Also, I have reviewed the trial court's order denying Applicant's postconviction motions. I find that the trial court denied Applicant's ineffective assistance of counsel claim based on coercion because the claim was addressed and rejected on direct appeal.  Reply Attach. at 17.

An ineffective assistance of counsel claim is brought in a postconviction proceeding under Crim. P. 35(c) and not on direct appeal.  *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).  If, however, a claim in a Crim. P. 35(c) postconviction motion is only slightly different from a claim raised on direct appeal, a postconviction motion is "precluded if its review would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory." *Dunlap v. People*, 173 P.3d 1054, 1093 (Colo. 2007) (quoting *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (internal quotation omitted).  I, therefore, find an adequate legal basis for the trial court's denial of Applicant's coercion claim.  Given the underlying basis for Applicant's coercion claim on direct appeal, both the due process and ineffective assistance of

counsel claims were at issue and are exhausted.

Respondents contend that in Claim Two Applicant asserts he was misadvised when he was told the minimum sentence was eight years, when, in fact, it was greater. Respondents contend that Applicant has not exhausted this claim because, although in *Dominguez II* he asserted a claim that his plea was invalid based on a misunderstanding of the sentencing range, he did not state that the lack of understanding resulted from the trial court's incorrect advisement regarding the minimum sentence.  Respondents contend also that in *Dominguez I* Applicant challenged his plea based only on undue influence and not on the trial court's failure to properly advise him about the minimum sentence and that in *Dominguez II*, although he asserted his plea was invalid due to a lack of understanding of the sentencing range, he did not state the trial court's advisement regarding the minimum sentence was incorrect. Respondents conclude that Claim Two was not fairly presented to the CCA, and thus the claim now is time barred pursuant to §16-5-402, C.R.S.  Finally, Respondents argue that Applicant's reliance on *Martinez* is misplaced because a postconviction counsel's failure to assert a particular due process challenge to a plea's validity falls outside of *Martinez*.

In his Reply, Applicant concedes Claim Two was not presented to the state courts, but he contends he has shown cause for procedural default under *Martinez*.

I conclude that Applicant fails to demonstrate a cause for his procedural default in Claim Two.  Under *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), habeas petitioners have no constitutional right to postconviction counsel in the first instance,

and inadequate performance by counsel does not excuse procedural default.  In

*Martinez*, the Supreme Court held that where a state permits a defendant to challenge

the assistance of trial counsel only in a postconviction proceeding, then the absence of

postconviction counsel or ineffective assistance of post-conviction counsel in the

postconviction proceeding can constitute cause for the habeas petitioner's default of

claims of ineffective assistance of trial counsel.  *Id.* at 1318.  *Martinez* was also clear

about what it did *not* hold.  *See Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir.

2012).  "[I]n no uncertain terms . . . '[t]he rule of *Coleman* governs in all but the limited

circumstances recognized here.' " *Id.* (quoting *Martinez*, 132 S. Ct. at 1320).  "*Martinez*

applies only to "a prisoner's procedural default of a claim of ineffective assistance at *trial*

. . . .'" *Id.* (quoting *Martinez*, 132 S. Ct. at 1315).  Here, Applicant is challenging

postconviction counsel's failure to present the substance of Claim Two, which is a claim

for denial of due process.  The failure of postconviction counsel to raise a due process

claim in the postconviction motion, therefore, does not serve as cause for default based

on *Martinez*.  Furthermore, nothing Applicant asserts in his Application, Reply, or other

papers satifies either the cause and prejudice or a fundamental miscarriage of justice

exceptions.  Claim Two, therefore, will be dismissed.

Respondents assert that in Claim Three Applicant is claiming his guilty plea is

invalid because the providency court failed to advise him that he must serve a

mandatory, five-year period of parole on his release from prison.  Respondents contend

that Applicant failed to present this due process claim to the CCA in either *Dominguez I*

or *Dominguez II*.  Respondents conclude that because Applicant offers no cause,

prejudice, or fundamental miscarriage of justice, and because *Martinez* does not excuse the default, the claim is defaulted.

In his Reply, Applicant again concedes, as he does with Claim Two, that this claim was not presented to the state courts, but he contends he has shown cause for procedural default under *Martinez*. For the same reasons stated above in addressing Claim Two, I will dismiss Claim Three.

Finally, Respondents assert that in Claim Four Applicant is claiming the state failed to provide him with an interpreter familiar with Applicant's particular dialect of Spanish. Respondents contend that even though Applicant failed to present this claim in either *Dominguez 1* and in *Dominguez II*, in *Dominguez 11*, the CCA perceived and addressed a claim that counsel provided ineffective assistance in allowing Applicant to sign a plea agreement even though his interpreter did an inadequate job. Respondents conclude, however, that an ineffective assistance of counsel claim challenging a counsel's failure to correct a particular defect does not fairly present that defect as an independent ground for relief.

In his Reply, Applicant asserts that he clearly raised Claim Four in state court as a due process claim and as a Sixth Amendment claim. In support of his argument, Applicant contends that if he is denied effective assistance of counsel, then *ipso facto* he is also denied due process.

Although I do not agree with Applicant's rationale for finding that both his due process and Sixth Amendment claims were raised in state court, a review of the trial court's order denying both of Applicant's Crim. P. 35(c) motions and the CCA's opinion

14

denying Applicant's Crim. P. 35(c) appeal supports a finding that Applicant exhausted these claims for other reasons.

I have reviewed the opening brief in *Dominguez I* and find no reference to the adequacy of Applicant's interpreter.  In *Dominguez II*, however, Applicant refers to ineffective assistance of counsel and supports this claim with his inadequate interpreter issue.  Although Applicant does not specifically state in the opening brief that trial counsel was aware of the inadequacy of the interpreter but failed to address the problem, Applicant relies on *Brady* for his alleged constitutional violation and includes the inadequate interpreter issue.  Given the CCA's analysis of the interpreter claim, a review of the opening brief in the Crim. P. 35(c) postconviction motion, and *Johnson v. Williams*, — U.S. —, 133 S. Ct. 1088 (2013), I find Applicant's due process and ineffective assistance of claim, with respect to the interpreter claim, are exhausted for the following reasons.

In his opening brief, Applicant relied on *Brady v. United States*, 397 U.S. 742 (1970), and *People v. White*, 182 Colo. 417, 423 (1973), for his challenge to the constitutionality of his plea.  The claims at issue in *White* were whether there was a denial of effective assistance of counsel and whether the providency hearing measured up to constitutional standards.  *White*, 182 Colo. at 419.  Specifically, the *White* court found that counsel's derelictions were sufficient to prevent the defendant's from entering a knowing and intelligent plea and thus the ineffectiveness of counsel prevented the court from discharging its proper function.  *Id.* at 425.  Furthermore, in *Brady*, at issue, in part, was the courts' responsibility to "satisfy themselves that pleas of guilty are

voluntarily and intelligently made." *Brady*, 397 U.S. at 758.  Although the CCA did not specifically address the constitutionality of the providency hearing, or in other words that Applicant was denied due process at his providency hearing, when a state court rules against a defendant in an opinion that denies some of the defendant's claims, but does not expressly address a certain federal claim, the presumption is that the federal claim was adjudicated on the merits.  *Johnson*,133 S. Ct. at 1094-98.  The presumption is subject to rebuttal if it appears that the federal claim was inadvertently overlooked.  *Id.* at 1094-96.  Nothing in the CCA's opinion indicates that it inadvertently overlooked Applicant's due process or ineffective assistance of counsel claims.  The substance of Claim Four was fairly presented to the CCA, *see Picard*, 404 U.S. at 278; *see also Nichols*, 867 F.2d at 1252, and Claim Four is exhausted.

Accordingly, it is

ORDERED that Claims Two and Three are dismissed as procedurally barred from federal habeas review.  It is

FURTHER ORDERED that the Motion for Sanctions, ECF No. 13, is denied as meritless.  It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims One and Four.  It is

FURTHER ORDERED that within thirty days of the filing of an answer, Applicant may file a reply if he desires.  It is

FURTHER ORDERED that within thirty days from the date of this Order, the

Respondents shall file with the clerk of the court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Case No. 1997CR29, in the District Court of Rio Blanco County, Colorado, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims.  It is

FURTHER ORDERED that the clerk of the court is directed to send copies of this Order to the following:

(1)    Clerk of the Court
       Rio Blanco District Court
       P.O. Box 1150
       555Main Street
       Meeker, Colorado 81641; and

(2)    Court Services Manager
       State Court Administrator's Office
       1300 Broadway
       Denver, Colorado  80203.


DATED October 9, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge